IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH ROLAND LAVE, JR., § | | |
|     *Petitioner,* § | | |
| § | | |
| V. § | | Civil Action No. 3:00-CV-2137-K |
| § | | |
| WILLIAM STEPHENS, Director, § | | (Death Penalty Case) |
| Texas Department of Criminal Justice § | | |
| Correctional Institutions Division, § | | |
|     *Respondent.* § | | |

**MEMORANDUM OPINION AND ORDER**

On May 6, 2015, Petitioner Joseph Roland Lave, Jr., filed a Motion for Relief from Judgment Pursuant to Rule 60 of the Federal Rules of Civil Procedure (Doc. No. 60). The Court issued an order (Doc. No. 64) on May 14, 2015, directing Respondent William Stephens, Director, Texas Department of Criminal Justice Correctional Institutions Division ("Respondent") to set forth his position and submit a supporting brief on the threshold question of whether Lave's motion constitutes a successive petition for habeas relief under 28 U.S.C. § 2244(b). On July 15, 2015, Respondent filed his response asserting that Lave's motion constitutes a successive petition for habeas relief under 28 U.S.C. § 2244(b). The Court agrees.

I

A claim presented in a second or successive habeas corpus application under Section 2254 is subject to dismissal under 28 U.S.C. § 2244, which provides in relevant part,

> (a)  No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (b)
>> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>> (B)
>>>> (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>> (3)
>>> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

In *Gonzalez v. Crosby,* 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion constitutes a successive habeas petition under Section 2244 if it presents

a new claim for relief or attacks the federal court's previous resolution of a claim on the merits. *Id.* at 531-32.

> A motion that seeks to add a new ground for relief ... will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532 (footnote omitted). The Fifth Circuit has determined such a "defect in the integrity of the federal habeas proceeding" could include a "fraud on the court," but only in limited circumstances.

> To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its discretion. Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Fierro v. Johnson,* 197 F.3d 147, 154 (5th. Cir. 1999) (quoting *First Nat'l Bank of Louisville v. Lustig,* 96 F.3d 1554, 1573 (5th Cir.1996)). Further, in a federal habeas case, it is not enough to show that state's attorneys perpetrated a fraud on the state court in obtaining or defending the underlying conviction. The federal habeas petitioner must show that the attorneys in the federal proceeding defrauded the federal court. *Fierro,* 197 F.3d at

3

155-56; *Hughes v. Thaler,* No. Civ.A. H-01-4073, 2012 WL 5456104, at *4 (S.D. Tex. Nov. 7, 2012).

The language of Section 2244(b)(3) clearly provides that a district court lacks jurisdiction to entertain a motion that constitutes a successive habeas petition without the authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3); *see Burton v. Stewart,* 549 U.S. 147, 157 (2007).

## II

Lave's motion raises numerous complaints against the prosecutors in the state trial and habeas proceedings. Lave alleges that the trial prosecutor suppressed prior inconsistent statements from victim Angela King and co-actor Timothy Bates. (Mot. at 6.) Lave alleges that, until 2009, the prosecutor suppressed supplementary reports of the Richardson Police Department that contained prior inconsistent statements by King and which would have supported his efforts to impeach her at trial. (Mot. at 9.) This includes an undisclosed report by Det. Michael Grice. (Mot. at 10.) Lave also alleges that, until 2009, the prosecutor suppressed two prior inconsistent statements that King made directly to the prosecutor. (Mot. at 10-11, 12-13.) Lave also alleges that, until 2009, the prosecutor suppressed notes of prior inconsistent statements made by King during a walk-through of the crime scene. (Mot. at 12.) Lave also alleges that, until 2007, the prosecutor suppressed notes in his own file indicating doubts about King's memory of the events.

4

(Mot. at 14.)  Lave alleges that, until 2014, the prosecutor suppressed medical records indicating serious memory loss by King.  (Mot. at 15.)

Lave alleges that, until 2007, the prosecutor suppressed prior statements by Bates, including a statement that he had hit King on the head with a hammer, before he retracted that statement. (Mot. at 15-16.)  Lave alleges that the trial prosecutor suppressed a second polygraph examination of Bates along with a letter from the polygraph examiner outlining Bates' deception in response to questions about whether he personally lethally assaulted any of the victims.  (Mot. at 6-7, 16-17.)

Lave does not show that the Respondent or any attorneys with the Texas Attorney General knew of the allegedly undisclosed information; he simply alleges that the exculpatory evidence showing this was revealed by the trial prosecutors beginning in 2007 after the prior federal habeas proceedings concluded.  (Mot. at 7.)  Lave asserts that the discovery of this evidence came in response to his repeated requests and diligent attempts to obtain this information despite its suppression by prosecutors.  (Mot. at 17-64.)  Lave's complaints are directed at the Dallas County District Attorney's office and state law enforcement officials leading up to the prosecution and trial of Lave.  The only allegations against Respondent's counsel in federal court is that they opposed Lave's requests for discovery and/or failed to fully investigate the allegations in the original federal habeas petition, resulting in the denial of discovery in the prior federal habeas proceedings.  (Mot. at 42-55.)  Although he asserts that his rights were violated in the federal habeas

5

proceeding, and vaguely suggests that a different division of the Texas Attorney General was somehow involved in the suppression because it responded to a request for advice on a public records request (Mot. at 17), Lave relies entirely upon allegations of misconduct against the state prosecutors (Mot. at 2-3, 89-95).  Lave asserts that "[t]he central prevarication in this case is the lead trial prosecutor's deceit of trial counsel and the trial court about the status of the case when he convinced trial counsel to have Lave waive his confrontation rights."  (Mot. at 17.)

### III

Lave attempts to avoid the successive-petition bar by arguing that he is not complaining of the resolution of the claims against him, instead he is complaining of a "fraud on the court" by Respondent.  (Motion at 95-96 (citing *Gonzalez,* 545 U.S. at 532 fn. 5.)  Despite his claim to the contrary, his allegations attack the substance of this Court's prior resolution of his habeas claims, or they are simply new allegations altogether.

In *Gonzalez,* the Supreme Court specified fraud on the "federal habeas court" as an example of allegations that attacked the integrity of previous federal habeas proceedings, not the substance of it.  This requires more than merely showing a failure to investigate or disclose information. *Fierro,* 197 F.3d at 154.  Furthermore, it would not include alleged fraud by prosecutors in state court proceedings.  Lave must show fraud on the federal court by a party and/or attorneys in federal court proceedings.  *See id.* at 155-56.  This cannot

6

be established merely by showing that exculpatory evidence existed but was not disclosed by the attorneys for the respondent.

> The attorneys for the Texas Department of Corrections in a federal habeas case do not act as prosecutors of the crime investigated by the law enforcement officers. Prosecutors are actively involved in trial preparation, production of evidence, examination of witnesses, and evaluating the credibility of prosecution witnesses. Thus prosecutors work hand in hand with the police in presenting the case before the courts. The attorneys for the Director of Corrections, however, act in response to a petitioner's charge of unlawful detention that usually centers around the larger questions of the constitutionality of the judgments of the criminal courts. Although these attorneys will undoubtedly point to the work of the prosecuting attorneys to defend the petitioner's continuing detention, the Director's attorneys neither work with the police in a common enterprise, nor are they in the business of prosecuting crime. Lacking such a connection as part of a prosecution team, any constructive knowledge of police reports that might be imputed to the prosecutors cannot be imputed to the state's attorneys in a federal habeas case.

*Fierro,* 197 F.3d at 155-56.

Lave complains the assistant attorney general's efforts to oppose discovery in this Court establishes the required "fraud on the court" to allow these proceedings to be reopened. (Mot. at 42-55.) His argument assumes that Respondent's attorneys had the same duty to investigate the case and review the prosecutor's file for potentially exculpatory evidence before responding to alleged constitutional violations. Respondent's attorneys, however, are entitled to rely on the insufficiency of the allegations and evidence before this Court and the presumption of correctness afforded the state court findings. *See id.* at 155-56. Further, because the state court had denied these claims on their merits, "evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim

has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen v. Pinholster,* 563 U.S. 170, 185 (2011). Although *Pinholster* was not issued until after the prior habeas proceedings in this Court were concluded, Respondent's attorneys were certainly entitled to oppose federal evidentiary development for consistent reasons without being guilty of perpetrating any fraud.

Rather than "fraud on the court," this motion presents "'newly discovered evidence' … in support of a claim previously denied" to attack the substance of this Court's prior resolution of his habeas claims and bring his motion within the ambit of a successive habeas petition. *Gonzalez,* 545 U.S. at 531 (citing *Rodwell v. Pepe,* 324 F.3d 66, 69 (1st Cir. 2003)). The motion also presents new claims by making different factual allegations than the claims presented in the original federal habeas petition. For example, Lave complains that the State suppressed exculpatory evidence of a polygraph examination of Bates, but Lave's previous argument did not include the results of a second polygraph examination of Bates and a letter from the polygraph examiner opining that Bates was deceptive when asked if he had lethally assaulted any of the victims (Mot. at 6-7, 16-17), or the statement by Bates (which he retracted) admitting he himself hit King in the head with a hammer (Mot. at 7, 15). Further, Lave did not previously claim that the prosecutor made notes indicating his own doubts about King's memory of the events. (Mot. at 14.) Admittedly, Lave may not have known to make these claims before, but the result is nevertheless the same. A

8

motion seeking to add a new ground for relief is a successive petition. *See Gonzalez,* 545 U.S. at 532.

Lave's allegations are not sufficient to constitute a "fraud on the court." But, even if they were, the new facts presented and alleged would make Lave's motion a successive petition for habeas relief under 28 U.S.C. § 2244(b), and Lave did not obtain the required order from the Court of Appeals authorizing this Court to consider the motion. *See* 28 U.S.C. § 2244(b)(3).

## IV

In a footnote to his motion, Lave appears to move for discovery and production of records. (Mot. at 3 n.1). Moving for relief in a footnote does not properly place the issue before this Court. Even if it did, the Court lacks jurisdiction to consider the motion altogether for the aforementioned reasons.

## CONCLUSION

The Court finds that Lave's Motion for Relief from Judgment Pursuant to Rule 60 of the Federal Rules of Civil Procedure (Doc. No. 60) asserts substantive claims for habeas relief and does not simply attack the integrity of prior federal habeas proceedings. The motion also asserts new claims for relief. Therefore, the motion constitutes a successive habeas petition under 28 U.S.C. § 2244(b). Because Lave has not obtained the required authorization from the Court of Appeals under Section 2244(b)(3), this Court is without

9

jurisdiction to entertain Lave's motion. Therefore, Lave's motion to set aside the judgment (Doc. No. 60) is **DISMISSED** for want of jurisdiction.

    **SO ORDERED.**

    **Signed February 11th, 2016.**

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE